UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.                                              NO. 3:22-CR-00226-(SVN)

MARK CARBUTTI                    MAY 4, 2023

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**

This is a response to the sentencing memorandum of the United States of America.

The Government's memorandum, while articulate and well written, nevertheless disappoints[1]. It disappoints because it does not address directly the core of defendant's sentencing memorandum: Mark Carbutti has experienced two major medical events, both of which have had a substantial emotional impact which led to substance abuse and a pattern of behavior resulting in tax offenses and a conviction in this Court.

Mr. Carbutti is entitled to have the Court weigh his personal history and to factor that into its sentencing calculus. We believe it supports his request

---

[1] The determination of whether this memorandum qualifies as short or long shrift (Government's Memorandum, p. 2) is left to the reader.

for a variance or departure. The Government, by failing to address directly – or even fully acknowledge – the core of the defendant's presentation, deprives the Court of the Government's perspective on that position. The sentencing statute requires consideration of the defendant's "history and characteristics." Many, like Mr. Carbutti, in seeking relief from the confines of Guidelines arithmetic through a departure or variance, base their requests largely upon their personal histories. The Government's opposition to Mark's request, then, is limited to a Guideline analysis which ignores a sound basis for a non-Guidelines sentence.

The Government acknowledges that a two-level reduction in the Mark's Offense Level is appropriate given the proposed guideline amendments (Government's Memorandum, p. 5-6). The result is a reduction to Offense Level 15 and an exposure of 18-24 months. That application is appropriate; yet the Government nevertheless asks for a Guidelines sentence at the low end of that bracket. In doing so the Government continues to ignore the defendant's history and applies a sterile Guidelines application. A variance from the "amended" calculation is merited, perhaps even lower than the year-and-a-day requested in the original submission.

The Government's response to the defendant's identifying the anomaly of including penalties and interest in the "tax loss" calculation is interesting. (Government's Memorandum, p. 6-8). It implicitly acknowledges the anomaly but turns the argument around by saying in effect that the defendant should not benefit by a reduction but that others (were the Guidelines properly drafted) should incur an increase by including penalties and interest in standard evasion cases. The anomaly exists. The defendant requests the Court consider that in deciding the appropriate sentence. It supports his request for a variance. At a minimum it demonstrates the flaw on inflexible Guideline calculations.

Ironically, the Government's energetic rejection of defendant's reference to consideration of statistics in applying the sentencing statute actually endorses the statutory requirements (and the defendant's position) that each case must be determined on its own and take into account all relevant factors of each defendant[2]. Mark's unique personal history – the medical difficulties and consequences – is a substantial facet of his illegal conduct. As such it

---

[2] It is too easy and glib to refer to Mark Twain's famous quote about statistics. It is concededly a battlefield on which neither side can emerge as the true winner.

merits significant weight by the Court in determining an appropriate sentence. The decision of how much weight should be given is obviously up to the Court. The Government's submission does not address that part of the sentencing process.

>RESPECTFULLY SUBMITTED,
>THE DEFENDANT,
>
>MARK CARBUTTI
>
>By _____
>William F. Dow, III (ct00161)
>JACOBS & DOW, LLC
>350 Orange Street
>New Haven, CT 06511
>Telephone: 203-772-3100
>Facsimile: 203-772-1691
>E-Mail: wdow@jacobslaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 4, 2023 the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
William F. Dow, III